```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

UNITED STATES OF AMERICA

vs.                                                   2:09-cr-14-FtM-29SPC

ANDREW F. BELITSKY
_____

## **OPINION AND ORDER**

This matter comes before the Court on defendant Andrew F. Belitsky's Omnibus Motion for Judgment of Acquittal Pursuant to Rule 29 and Motion for New Trial (Doc. #155), filed on September 1, 2010, and defendant's Supplement (Doc. #156), filed on September 3, 2010.  The Government's Response (Doc. #158) in opposition was filed on September 15, 2010.  Defendant filed a *pro se* Supplement (Doc. #162) on October 6, 2010.  Defendant's attorney was thereafter allowed to withdraw, and new counsel was appointed to represent defendant.  (Docs. #167-170.)

The legal principles that apply in deciding a motion for a judgment of acquittal under Federal Rule of Criminal Procedure 29(c) are well-established:

> In considering a motion for the entry of a judgment of acquittal, a district court must view the evidence in the light most favorable to the government, and determine whether a reasonable jury could have found the defendant guilty beyond a reasonable doubt.  The prosecution need not rebut all reasonable hypotheses other than guilt. The jury is free to choose between or among the conclusions to be drawn from the evidence presented at

> trial, and the district court must accept all reasonable inferences and credibility determinations made by the jury. The District Court's determination that the evidence introduced at trial was insufficient to support the jury's verdict of guilt is [an] issue of law entitled to no deference on appeal.

United States v. Miranda, 425 F.3d 953, 959 (11th Cir. 2005) (quoting United States v. Sellers, 871 F.2d 1019, 1021 (11th Cir. 1989)(internal citations omitted)). Contrary to defendant's argument, "[I]t is not necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilty, provided that a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt." United States v. Merrill, 513 F.3d 1293, 1299 (11th Cir. 2008) (internal quotation marks omitted).

Applying these principles to the evidence presented in this case, the Court finds that the government met its burden as to all of the elements of each count and that a reasonable jury could have found defendant guilty beyond a reasonable doubt. Therefore, this aspect of the motion will be denied.

Defendant also maintains that a new trial should be granted in the interest of justice under Fed. R. Crim. P. 33 because the verdict is contrary to the weight of the evidence and the verdicts cannot stand as a matter of law. Unlike a Rule 29 motion, Rule 33 allows the district court to weigh the evidence and consider the credibility of the witnesses, although to grant such a motion "[t]he evidence must preponderate heavily against the verdict, such

that it would be a miscarriage of justice to let the verdict stand." Butcher v. United States, 368 F.3d 1290, 1297 (11th Cir. 2004). Applying this standard to the evidence presented at trial, it is the Court's view that the verdicts are not against the weight of the evidence. Having heard the evidence and making independent credibility determinations, the Court fully agrees with the verdicts of guilt as to each count. Additionally, there is no legal issue which precludes conviction on each count. Therefore, this aspect of the motion will also be denied.

Defendant's *pro se* Supplement (Doc. #162) to the motion for new trial alleges claims of ineffective assistance of trial counsel during the second trial. The Court determines that an evidentiary hearing is required as to these claims of ineffective assistance of counsel.

Accordingly, it is now

**ORDERED**:

1. Defendant Andrew F. Belitsky's Omnibus Motion for Judgment of Acquittal Pursuant to Rule 29 and Motion for New Trial (Doc. #155), and defendant's Supplement (Doc. #156), are **DENIED.**

2. Defendant's Supplement (Doc. #162) is **taken under advisement.** An evidentiary hearing as to the claims of ineffective assistance of counsel is scheduled for **Friday, February 18, 2011, at 2:00 p.m.** before the undersigned. Defendant, along with current

counsel, and former counsel Michael D. Walsh are all required to be present.

**DONE AND ORDERED** at Fort Myers, Florida, this __9th__ day of February, 2011.

                                                           _____
                                                           JOHN E. STEELE
                                                           United States District Judge

Copies:
Andrew Belitsky
Counsel of record
Micahel D. Walsh
U.S. Marshal